# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY SUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-380-G |
| | ) |
| ADAM BANNER et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff, appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of the United States Constitution. *See* Am. Compl. (Doc. No. 12).[1] Upon review of Plaintiff's Amended Complaint, the two pending Motions to Dismiss (Doc. Nos. 15, 18), and the Defendants' joint motion requesting that their Motions to Dismiss be deemed confessed (Doc. No. 20), the Court dismisses this action.

I. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff's Amended Complaint identifies four Defendants: private attorney Adam Banner, the law firm of Phillips Coventon Quillian & Banner ("PCQB"), an unnamed individual designated "Arresting County Sheriff Deputy" ("Arresting Officer"), and the Oklahoma County Sheriff's Department. *See* Am. Compl. at 1, 5-6. Plaintiff states that he is suing Adam Banner in both his individual and official capacities and is suing PCQB, the Arresting Officer, and the Oklahoma County Sheriff's Department in their official

---

[1] Citations to documents filed in this Court use the CM/ECF pagination.

capacities. *See id.* at 4-5. Liberally construed, Plaintiff alleges that on June 25, 2015, he was pulled over by police in Oklahoma City and arrested for transporting marijuana. *See id.* at 2. Plaintiff contends that he had not committed a traffic violation but was stopped due to racial profiling. *See id.* at 1-2, 5. Plaintiff additionally alleges that the Arresting Officer conducted an illegal search of the trunk of Plaintiff's car. *See id.* at 2. In addition to claims related to his arrest, Plaintiff raises claims of ineffective assistance of counsel against Defendant PCQB and Defendant Adam Banner, a partner at PCQB who represented Plaintiff in his ensuing state criminal matter. *See id.* at 1, 3-5. Plaintiff seeks money damages and declaratory relief. *Id.* at 6-7.

II. MOTIONS TO DISMISS AND TO DEEM CONFESSED

Two Motions to Dismiss are currently pending before the Court: the first filed jointly by Defendant Adam Banner and Defendant PCQB on February 12, 2019 (Doc. No. 15), and the second filed by Defendant Oklahoma County Sheriff's Department on February 19, 2019 (Doc. No. 18). These Defendants seek dismissal of Plaintiff's claims with prejudice.

After Plaintiff failed to respond to their Motion within the time allowed, Defendant Banner and Defendant PCQB jointly requested that the Court deem their Motion to Dismiss confessed pursuant to Local Civil Rule 7.1(g). *See* Doc. No. 20. As of this date, Plaintiff has not responded to either Motion to Dismiss, Doc. Nos. 15, 18, or to the Joint Motion for Order Deeming Motion to Dismiss Confessed, Doc. No. 20. Nor has Plaintiff sought an extension of time in which to do so.

This Court's local rules permit the Court to exercise its discretion and deem the unopposed motions confessed. *See* LCvR 7.1(g). The Tenth Circuit has indicated, however, that before exercising such discretion, a district court should consider three factors: "(1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant," and should weigh these factors against "the judicial system's strong predisposition to resolve cases on their merits." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (alterations and internal quotation marks omitted). Because in this action it is equally efficient to consider the merits of Defendants' Motion, the Court declines to deem Defendant Banner and Defendant PCQB's Motion confessed.

III. DISCUSSION

    *A. Standard of Review*

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Under such rules, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Defendants have moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under that Rule, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief

may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1175.

### B. Plaintiff's Claims Against the Arresting Officer and the Oklahoma County Sheriff's Department

Plaintiff alleges that Defendants Arresting Officer and the Oklahoma County Sheriff's Department violated his constitutional rights on June 25, 2015, the date of his arrest. *See* Am. Compl. at 2. The limitations period for claims brought under 42 U.S.C. § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose, and in Oklahoma, that period is two years." *McCarty v. Gilchrist*, 646 F.3d 1281,

1289 (10th Cir. 2011) (citation omitted) (citing Okla. Stat. tit. 12, § 95(A)(3)). Although the length of the limitations period is determined by reference to the law of the forum state, the accrual of the federal cause of action is determined by federal law. *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998); *McCarty*, 646 F.3d at 1289.

> A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. This requires the court to identify the constitutional violation and locate it in time.

*Smith*, 149 F.3d at 1154 (citations and internal quotation marks omitted).

Here, Plaintiff challenges the June 25, 2015 traffic stop and vehicle search. *See* Am. Compl. at 1-2, 5. Claims of unconstitutional search and seizure are "presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Moreover, Plaintiff's pleading reflects that he was aware of the alleged constitutional injury on June 25, 2015. Thus, Plaintiff was required to bring these claims against Defendants Arresting Officer and the Oklahoma County Sheriff's Department no later than June 25, 2017. Plaintiff did not file this action until almost a year later, on April 20, 2018.

Plaintiff does not argue, and nothing in his filings suggests, that he is entitled to tolling of the limitations period under Oklahoma law. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (explaining that under Oklahoma law, tolling is generally permitted only when the plaintiff can demonstrate that timely filing was prevented due to

a "legal disability," such as incompetency or status as a minor, or because the defendant engaged in "false, fraudulent or misleading conduct calculated to lull [the] plaintiff[] into sitting on [his] rights" (internal quotation marks omitted)). Nor does the record reflect any basis for equitable tolling under federal law. *See Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (noting that federal law might allow equitable tolling "in rare circumstances").

Accordingly, Plaintiff's claims against Defendant Arresting Officer and Defendant Oklahoma County Sheriff's Department are barred by the applicable statute of limitations and should be dismissed with prejudice, as amendment would be futile.[2] *See* Doc. No. 18, at 7-10; Fed. R. Civ. P. 12(b)(6); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir. 1991) ("[A] dismissal on limitations grounds is a judgment on the merits."); *see, e.g.*, *Davis v. Okla. Cty.*, No. CIV-08-550-HE, 2009 WL 4264870, at *1, *2 & n.16 (W.D. Okla. Nov. 23, 2009) (dismissing § 1983 claims with prejudice sua sponte due to untimeliness); *McKinley v. Wall*, No. CIV-10-886-D, 2011 WL 767314, at *2 (W.D. Okla. Jan. 27, 2011) (R. & R.) (dismissing § 1983 racial profiling claim with prejudice as untimely), *adopted*, 2011 WL 767070 (W.D. Okla. Feb. 25, 2011). *See generally Curley v. Perry*, 246 F.3d 1278, 1282-84 (10th Cir. 2001) (affirming district court's sua sponte

---

[2] Because the Court finds that these claims should be dismissed as barred by the statute of limitations, the Court does not reach the Oklahoma County Sheriff's Department's alternative arguments for dismissal. *See* Doc. No. 18, at 3-5, 9-10.

dismissal with prejudice of § 1983 complaint for failure to state a claim where "amendment would be futile").[3]

### C. *Plaintiff's Claims Against Adam Banner and PCQB*

In his Amended Complaint, Plaintiff brings claims of ineffective assistance of counsel against Defendant Banner, whom Plaintiff retained as a private attorney to represent Plaintiff in his state criminal proceeding, and Defendant Banner's law firm PCQB. As noted, Plaintiff named Defendant Banner in his individual and official capacities and named PCQB in its official capacity only.

#### i. *Official-Capacity Claims*

As a private attorney, Defendant Banner is not a government official and therefore has no "official capacity." *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Similarly, Defendant PCQB is a private law firm located in Oklahoma City. *See* Phillips, Coventon, Quillian, & Banner PLLC Oklahoma City Personal Injury Lawyers, https://www.manta.com/c/mw3jmgz/phillips-coventon-quillian-banner-pllc-oklahoma-city-personal-injury-lawyers (last visited Sept. 26, 2019). As such, PCQB is not a government entity and "lacks a traditional individual or official capacity." *James v. Sherrod*, No. CIV-14-146-HE, 2017 WL 9251587, at *5 (W.D. Okla. Dec. 5, 2017) (R. &

---

[3] The Arresting Officer has not been served and has not appeared in this matter. Thus, the Court dismisses Plaintiff's claims against the Arresting Officer for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Order of May 30, 2018 (Doc. No. 7) (Order granting Application for Leave to Proceed *In Forma Pauperis*); *Davis*, 2009 WL 4264870, at *1, *2 & n. 16.

7

R.), *adopted*, 2018 WL 466242 (W.D. Okla. Jan. 18, 2018), *and aff'd*, 743 F. App'x 198 (10th Cir. 2018). Plaintiff's official-capacity claims against these Defendants are therefore subject to dismissal for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### ii. Individual-Capacity Claims

Plaintiff's individual-capacity claim against Defendant Banner likewise fails. To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff . . . must show that the alleged deprivation [of a federal right] was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* 42 U.S.C. § 1983. "Section 1983 was enacted to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996) (internal quotation marks omitted). Thus, "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (internal quotation marks omitted).

When a plaintiff raises a § 1983 claim against a private citizen, the plaintiff generally must show that the individual was a "willful participant in joint action with the State or its agents." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir. 2016) (internal quotations marks omitted). To establish this "concerted action," the plaintiff may allege either that: (1) "public and private actors . . . share[d] a common, unconstitutional goal"; or (2) that "there [was] a substantial degree of cooperative action between state and

private officials" or "overt and significant state participation." *Id.* (internal quotation marks omitted). Plaintiff does not allege that Defendant Banner is a state or local official or a private citizen working in concert with the state. *See* Am. Compl. at 2-4. Rather, the facts alleged are that Defendant Banner is a private attorney whom Defendant paid to represent Plaintiff in the criminal action brought against him. *See id.* Plaintiff's pleading is devoid of any factual allegations that would support a plausible claim that Defendant Banner was a willful participant in joint action with the state or its agents. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (dismissing § 1983 claims against law firm and private attorneys because "[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983" (internal quotation marks omitted)).

Similarly, Defendant PCQB is a private law firm, not a government entity, and "there is no allegation that the firm . . . was acting in any capacity other than as . . . privately retained counsel." *Beedle*, 422 F.3d at 1073 (second omission in original) (alterations and internal quotation marks omitted). Accordingly, Plaintiff has not plausibly shown that PCQB's actions were taken under color of state law. *See Schaffer*, 814 F.3d at 1157; *Beedle*, 422 F.3d at 1073.

Because Plaintiff has not alleged facts sufficient to show that either Defendant Banner or Defendant PCQB acted under color of state law, the Court dismisses the claims against them without prejudice for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); Doc. No. 15, at 5-6.

CONCLUSION

For the foregoing reasons, the Court DENIES the Joint Motion for Order Deeming Motion to Dismiss Confessed (Doc. No. 20) and GRANTS Defendants' Motions to Dismiss (Doc. Nos. 15, 18). Plaintiff's § 1983 claims against Defendants Adam Banner and PCQB are dismissed without prejudice. Plaintiff's § 1983 claims against Defendant Oklahoma County Sheriff's Department and Defendant Arresting County Sheriff Deputy are dismissed with prejudice.

IT IS SO ORDERED this 27th day of September, 2019.

_____
CHARLES B. GOODWIN
United States District Judge